### *In re* VALENTINE'S ESTATE.

### *In re* GILLESPIE.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

USURY—WHAT CONSTITUTES—INDEMNIFYING LENDER.

An obligation bearing 8 per cent. interest, 2 per cent. of which was intended to indemnify the obligee for loss of interest in withdrawing moneys from a savings bank, is usurious if the time for which interest is payable extends beyond a period necessary for indemnification.

Appeal from special term, New York county.

Claim by Maggie Gillespie against the estate of Catharine A. Valentine, presented to executors and referred under 2 Rev. St. p. 88, § 36, (8th Ed. p. 2561, 36.) From an order partly overruling and partly confirming the referee's report, claimant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*William G. Low*, for appellant.    *William Clarke Roe*, for respondent.

PER CURIAM. The obligations upon which this claim is sought to be enforced show a loan of money by the plaintiff to the defendant's intestate, for which interest at 8 per cent. was contracted to be paid. The testimony before the referee fails to show that these instruments did not correctly state the actual agreement between the parties, and as the interest to be paid was in excess of the legal interest the obligations are void. The testimony of the witness Richardt that was stricken out failed to show any other or different agreement, and, if considered by the referee, could not have changed the force or legal effect of the obligations. By the terms of the instruments, interest was to run at the rate of 8 per cent. until the loans were paid. Therefore, even if the 8 per cent. was originally inserted because of the loss of 2 per cent. interest upon the drawing of the money from the savings bank, yet the 8 per cent. agreement ran with the contract, and extended to a period far beyond that which would indemnify the plaintiff for the loss of the 2 per cent.

in the drawing of the money from the savings bank. The usurious character of the transaction, therefore, seems to be clearly established, considering all the evidence which was admitted before the referee, whether stricken out subsequently or not. The order should be affirmed, with $10 costs and disbursements. All concur.